IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOWELL W. WOLTZ,

        Plaintiff,

v.                                  CIVIL ACTION NO.   5:11-cv-00908

THOMAS CARTER, et al.,

        Defendants.

MEMORANDUM ORDER AND OPINION
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

On November 15, 2011, Plaintiff, Howell W. Woltz, who was confined in Federal Prison Camp in Beaver, West Virginia, filed a Complaint (Document 1) through counsel, Jeffery T. Mauzy, in the United States District Court for the Southern District of West Virginia. Plaintiff named Thomas Carter, Michael Snow, Brigette Seafus, Sean Marler, Joel Ziegler, Timothy Painter, Barbara Fletcher, and Dr. Michael Murry as Defendants. (Compl. ¶¶ 3-10.) All Defendants are Bureau of Prison ("BOP") employees at FCI Beckley. Plaintiff alleges that the Defendants violated his constitutional rights to due process, equal protection, access to the Courts and counsel, and free speech. By Order (Document 17) of February 24, 2012, this matter was referred to Magistrate Judge R. Clarke VanDervort for Findings of Fact and Recommendations for disposition. On August 8, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations ("PF&R"), wherein it is recommended that the Court grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document 10), dismiss

Plaintiff's Complaint and remove this matter from the Court's docket. On August 24, 2012, Plaintiff timely filed his objections to the PF&R. (Document 20).

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in detail the relevant allegations and facts involved in this case, and the Court incorporates by reference those facts. For context of the rulings herein, the Court provides the following summary: Plaintiff alleges that the Defendants violated his due process rights by ignoring BOP rules, regulations and policy, with respect to his custody classification. Plaintiff alleges his Inmate Skills Development Plan ("ISDP") contained significant fraud and false claims not found in his Pre-Sentence Report. (Compl. ¶ 32.) Plaintiff alleges that the Defendants denied him direct home confinement and recommended 60 to 90 days of residential reentry center [RRC] placement on this false and fraudulent information and that this constituted a denial of his due process rights. (Compl. ¶ 34.) Plaintiff alleges the Defendants refused to correct the information in his ISDP. Plaintiff alleges that "[w]hile there is no guarantee of custody-level status, or its benefits, there is a process which determines such consideration, and through fraud, false claims, and denial of Bureau of Prisons policy-driven mandates of due process, Plaintiff has been denied these considerations." (Compl. ¶ 65.)

As the Magistrate Judge correctly summarizes, Plaintiff alleges his equal protection rights were violated "by [Defendants] (1) denying him a furlough when his mother became ill and died when other inmates were granted furloughs under the same circumstances ([Compl.] ¶¶ 90 - 95.); (2) terminating his job as clerk of general maintenance in January, 2011 ([Compl.] ¶¶ 96 - 104.); and (3) falsely charging him in an incident report with communicating with an inmate when he received a letter from an inmate as it was forwarded by a law firm to him and then after

2

disciplinary proceedings, raising his custody level ([Compl.] ¶¶ 106 -117.)." (Document 19 at 3.) Essentially, Plaintiff alleges Defendants Carter, Snow, Seafus, and Marler treated him differently than other prisoners in the same situation. (Compl. ¶ 127.)

With respect to his claim that Defendants violated his right of access to the court and counsel, Plaintiff alleges Defendants opened and tampered with his mail in violation of BOP policies. (Compl. ¶¶ 148-164.) Plaintiff alleges Defendants violated his free speech rights by stealing copies of a book he was attempting to publish and tampering with his mail related to the book, which caused the resignation of his editor and delays in publishing his book. (Compl. ¶¶ 180-192.)

On February 10, 2012, Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Memorandum in Support, wherein Defendants argue that (1) Plaintiff's claims against them in their official capacity are barred by the doctrine of sovereign immunity; (2) Plaintiff failed to exhaust his administrative remedies prior to filing his action; (3) the doctrine of *respondeat superior* does not apply to this Bivens action; (4) Plaintiff fails to state constitutional claims regarding custody classification and placement, furlough denials, disciplinary action, selection of prison jobs, claims of retaliation, access to the courts, claims that Defendants violated BOP regulations, presence of false information in Plaintiff's central file, and loss of mail; and (5) Defendants are entitled to qualified immunity. (Document 10 ¶¶ 1-5.)

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.   DISCUSSION[1]

#### A.  *Official Capacity Claims*

The Magistrate Judge found that Plaintiff's claims against all Defendants in their official capacity must be dismissed because of the doctrine of sovereign immunity. (Document 19 at 15-16.) Thus, because Plaintiff sued Defendants Fletcher, Painter and Murry only in their official capacities, the Magistrate Judge recommends this matter be entirely dismissed as to them. (*Id*. at 16.) Plaintiff does not object to either finding. Therefore, the Court is not required to provide *de novo* review of these findings. *Thomas,* 474 U.S. at 150.

#### B.  *Qualified Immunity*

In consideration of a qualified immunity defense, the Magistrate Judge properly observed that "[f]ederal officials performing discretionary functions are generally protected from civil

---

[1] Plaintiff makes several statements about this Court, the Magistrate Judge, the BOP, and the United States. *See* (Document 1, 4-5.) The Court finds such statements are wholly irrelevant.

4

liability if their ' [1]conduct does not violate clearly established statutory or constitutional rights [2] of which a reasonable person would have known.'" (Document 19 at 13-14) (citing and quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996)). The Court may exercise discretion in deciding which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 226.

The Magistrate Judge determined that "[i]t is well established that Congress has delegated inmates' custody classification and placement in Bureau of Prisons programs and facilities to the full discretion of federal prison officials." (Document 19 at 16) (citations omitted). The Magistrate Judge also found it is likewise clearly established that determining custody classification and placement in BOP programs and facilities is a discretionary function of BOP officials. (*Id.*) Moreover, the Magistrate Judge properly indicated that it is well established that inmates have no liberty or due process rights with respect to the BOP classification and placement determinations. In support, the Magistrate Judge cites *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), cert. denied, 513 U.S. 889, (1994) for the proposition that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." (Document 19 at 16.) Thus, the Magistrate Judge found "Plaintiff fails as a matter of law to state a claim that his constitutional rights were violated in Defendants' determination of his custody classification and placement. It makes no difference that the Defendants relied on false information in determining his custody classification." (*Id.* at 17.) Accordingly, accepting Plaintiff's allegations as true, the Magistrate

5

Judge found Defendants' are entitled to qualified immunity because their conduct cannot be found to have violated Plaintiff's statutory or constitutional rights. (*Id*.)

Although Plaintiff does not specifically mention the Magistrate Judge's finding that Defendants Snow, Seafus, Marler and Ziegler are entitled to qualified immunity, he appears to object to the finding that inmates have no liberty or due process rights with respect to BOP classification and placement determinations. (Document 20 at 2-3.) Specifically, Plaintiff argues the BOP policies "state that the change to 'community' custody was automatic." (*Id*. at 2.) Further, Plaintiff argues that by refusing to change his custody level, he was deprived of seeing his mother before she died and also deprived of attending her funeral. (*Id*. at 3.) Plaintiff argues the failure to follow policy deprived him of the opportunity to be considered for home confinement. Further, Plaintiff argues he clearly stated a constitutional due process claim under the *Accardi* doctrine, which he contends the Magistrate Judge ignored. (*Id*. at 3.) Specifically, Plaintiff contends, "Not following one's own policies when that person works for the federal government states a due process violation. . . [.]" (*Id*.)

The Court finds both of Plaintiff's objections are without merit. The Supreme Court clearly held that a prisoner has no constitutional or inherent right in being released before the completion of lawful sentence. G*reenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 (1979)). However, a prisoner has a protectable right in those interests to which he has a legitimate claim of entitlement. *Id.* Plaintiff argues his due process rights were violated because the BOP was obligated to automatically classify his status as "community status" and grant him furlough and place him directly on home confinement placement.[2]

---

[2] Plaintiff did not object to the finding that "[i]t makes no difference that the Defendants relied on false information in determining his custody classification. Plaintiff's claim in this regard falls under the Privacy Act, and documents

6

However, Plaintiff fails to object to the Magistrate Judge's finding that the Defendants are entitled to qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Magistrate Judge correctly found that inmates have no liberty interest or due process rights in BOP classification decisions because "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Plaintiff acknowledges in his Complaint that "there is no guarantee of custody-level status, or its benefits, [but] there is a process which determines such consideration . . . [.]" (Compl. ¶ 65.) Plaintiff simply fails to state a due process claim because he has no protected liberty interest with respect to the BOP's discretionary determination of whether he is eligible for a furlough or community confinement. *See Posey v. Dewalt*, 86 F. Supp.2d 565, 571 (E.D. Va. 1999), *appeal dismissed by*, 215 F.3d 1320 (4th Cir. 2000), *cert. denied*, 531 U.S. 971(2000) (stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP.") Finally, even assuming the Defendants violated a statutory or constitutional due process right, such constitutional or statutory right is not clearly established such that the "violation" would defeat the Defendants' qualified immunity defense. Accordingly, Defendants are entitled to qualified immunity on Plaintiff's due process claim for alleged violation of BOP policies.

---

pertaining to his custody classification are exempt under that Act." (Document 19 at 17.) Thus, the Court need not consider whether the alleged falsification of documents would support a due process claim.

### C. Equal Protection Claim

The Magistrate Judge found Plaintiff's claim that Defendants violated his right to equal protection is insufficient and does not state a claim for which relief can be granted. (Document 19 at 18.) Plaintiff does not object to this finding. Therefore, the Court is not required to provide *de novo* review of this finding. *Thomas,* 474 U.S. at 150.

### D. Retaliation and Access to Courts Claim

The Magistrate Judge recommends that the Court dismiss Plaintiff's right to access to the court and retaliation claims. (Document 19 at 19.) The Magistrate Judge properly stated that an inmate must allege facts specifically indicating that prison officials retaliated against him for exercising a constitutional right and that the inmate must allege facts indicating that the retaliatory acts actually impacted his exercise of the constitutional right. (*Id*. at 18.) (citing *American Civil Liberties Union of Maryland v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993)). The Magistrate Judge assumed that Defendants retaliated against him for filing, but "Plaintiff has nevertheless initiated numerous suits and appeals while he has been incarcerated . . . [.]" (Document 19 at 19.) Thus, the Magistrate Judge found that it "does not appear that Plaintiff can demonstrate that Defendants retaliatory acts, if any, impacted his right of access to the Court, and his retaliation claim should be dismissed." (*Id*.)

In his objection, Plaintiff argues the Defendants have not denied his claim of illegal mail tampering. (Document 20 at 3.) He argues that no Court has heard his claim on illegal mail tampering. (*Id*. at 4.) Importantly, Plaintiff fails to object to the Magistrate Judge's finding that he has failed to state that this "illegal mail tampering" has led to an *actual injury*. (Document 19

8

at 19.) Plaintiff has been able to file numerous suits and appeals while he has been incarcerated. Plaintiff's allegations of illegal mail tampering are insufficient to demonstrate that he has suffered an *actual injury*. *See Woltz v. Scarantino*, 5:10-CV-00095, 2011 WL 1229994 (S.D. W.Va. Mar. 31, 2011) *reconsideration denied,* 5:10-CV-00095, 2012 WL 851118 (S.D. W.Va. Mar. 13, 2012) and *aff'd,* 12-6619, 2012 WL 3642857 (4th Cir. Aug. 27, 2012). Thus, Plaintiff's objection is overruled.[3]

### E. *Free Speech Claim*

Finally, the Magistrate Judge recommends that Plaintiff's claim that Defendants violated his right to free speech by stealing copies of a book he was attempting to publish and tampering with his mail be dismissed. Plaintiff does not object to this finding. Therefore, the Court is not required to provide de novo review of this finding. *Thomas,* 474 U.S. at 150.

### IV. CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 19) be **ADOPTED.** Further, the Court **ORDERS** that *Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 10) be **GRANTED**, that Plaintiff's Complaint (Document 1) be **DISMISSED**, and this matter be **STRICKEN** from the docket of this Court.

---

[3] Plaintiff does not object to the Magistrate Judge's finding that his retaliation claim should be dismissed. Therefore, the Court is not required to provide de novo review of this finding. *Thomas,* 474 U.S. at 150.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 6, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA